**IN THE UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 1:16-cv-00175-REB-CBS

DEBORAH TROUDT,
BRAD STAUF,
SUSAN CUTSFORTH,
WAYNE SELTZER,
MICHAEL HARKIN,
MIRIAM WAGNER, and
MICHAEL FOY, individually and as representatives of a class of plan participants, on behalf of the Oracle Corporation 401(k) Savings and Investment Plan,

    Plaintiffs,

v.

ORACLE CORPORATION,
ORACLE CORPORATION 401(K) COMMITTEE, and
JOHN DOES 1-20.

    Defendants.

## ORDER OVERRULING OBJECTIONS TO AND ADOPTING RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Blackburn, J.**

The matters before me are (1) the magistrate judge's **Recommendation Regarding Defendants' Superseding Motion To Dismiss the Complaint** [#63],[1] filed February 16, 2017; and (2) **Defendants' Objections to Report and Recommendation [#63]** [#65], filed March 2, 2017. I overrule the objections, approve and adopt the recommendation, and deny the underlying motion to dismiss.

---

[1] "[#63]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

As required by 28 U.S.C. § 636(b), I have reviewed *de novo* all portions of the recommendation to which objections have been filed. I have considered carefully the recommendation; the objections and the response thereto; the underlying motion, response, and reply, as well as the parties' submissions of supplemental authorities; the complaint to which the motion is directed; and all applicable caselaw.

It is clear from both the recommendation and the magistrate judge's comments to the parties at the hearing on the motion (*see* **Transcript** [#64], filed February 27, 2017),² that he believed this case to be extraordinarily close and exceptionally context-specific. My own thorough *de novo* review of the allegations of the complaint, the competing arguments, and the conflicting legal authorities in this area confirms that characterization, in spades.³

In general, therefore, caution is indicated. While context is important in the vetting of any complaint, *see* ***Gee v. Pacheco***, 627 F.3d 1178, 1185 (10th Cir. 2010), the Supreme Court specifically has endorsed a "careful, context-sensitive scrutiny of a complaint's allegations" in ERISA cases. ***Fifth Third Bancorp v. Dudenhoeffer***, – U.S. –, 134 S. Ct. 2459, 2470, – L.Ed.2d – (2014). Even the authorities on which defendants rely in support of their motion to dismiss suggest caution in proceeding in a case of this nature on a barren factual record. ***See, e.g.***, ***Tibble v. Edison International***, 729 F.3d 1110, 1135 (9th Cir. 2013) (there are "simply too many relevant considerations" for a

---

² The hearing initially was set to consider oral arguments on the motion. However, the magistrate judge forestalled further argument, noting that, in preparing for the hearing, he had come to the conclusions now set forth in his recommendation and saw no benefit in further argument.

³ Similarly, the sheer number of lengthy documents defendants append to their motion (the majority of which the magistrate nevertheless considered) suggests the particularly fact-intensive nature of the inquiry.

2

"bright-line approach to prudence to be tenable"), *vacated*, 135 S. Ct. 1823 (2015); **Hecker v. Deere & Co.**, 569 F.3d 708, 711 (7th Cir. 2009) (court's decision"was tethered closely" to the facts), *cert. denied*, 130 S.Ct. 1141 (2010) (emphases in original). Other federal courts have found likewise. *See, e.g.*, **Tussey v. ABB, Inc.**, 746 F.3d 327, 336 (8th Cir.), *cert. denied*, 135 S.Ct. 477 (2014); **Lorenz v. Safeway, Inc.**, 2017 WL 952883 at *10 (N.D. Cal. March 13, 2017) (slip op.); **Board of Trustees of Southern California IBEW-NECA Defined Contribution Plan v. Bank of New York Mellon Corp.**, 2011 WL 6130831 at *3 (S.D.N.Y. Dec. 9, 2011).

Heeding those admonitions, the court cannot adopt defendants' proposal to dismiss Count I of the complaint on the theory that the plan's fee structure fell within a presumptively reasonable range of expense ratios.[4] *See Lorenz*, 2017 WL 952883 at *10 (rejecting approach which "would effectively carve out a presumption of prudence for expense ratios that fell within a certain range" and thus "immunize an investment from scrutiny" based on that consideration alone). Contrary to defendants' arguments, the question is not "whether a revenue-sharing model is within the range of reasonable

---

[4] More fundamentally,"in **Hecker**, there was no argument that the administrative fees were not reasonable." **Spano v. The Boeing Co.**, 125 F.Supp.3d 848, 866 (S.D. Ill. 2014). *See also* **George v. Kraft Foods Global, Inc.**, 674 F.Supp.2d 1031, 1048, n.17 (N.D. Ill. 2009) ("[A]t a fundamental level, Hecker says nothing regarding the duty a fiduciary holds with respect to a 401(k) investment plan's administrative services fees."). Plaintiffs here, by contrast, do not allege merely that revenue sharing *per se* violates ERISA, which has been found insufficient to state a claim under ERISA, *see Tibble*, 729 F.3d at 1135; **White v. Chevron Corp.**, 2016 WL 4502808 at *14 (N.D. Cal. Aug. 29, 2016), but rather that defendants failed to monitor the fees paid to the administrator to ensure their continuing reasonableness as plan assets increased (**Compl.** ¶¶ 58-63 at 18-20). *See Lorenz*, 2017 WL 952883 at *13 (noting that "responsible plan fiduciaries must assure that the compensation the plan pays directly or indirectly . . . for services is reasonable, taking into account the services provided to the plan as well as all fees or compensation received by [the service provider] in connection with the investment of plan assets, including any revenue sharing.'") (quoting **Employee Benefits Security Administration of the U.S. Department of Labor**, Advisory Opinion 2013-03A (July 3, 2013)) (internal quotation marks omitted; alterations in original).

choices a fiduciary might make" (**Obj.** at 10), but whether *this* revenue sharing arrangement was reasonable under all the circumstances.  **See Hecker**, 569 F.3d at 711 (narrow issue court determined, in granting 12(b)(6) motion, was whether "*this* complaint, alleging that [the employer] chose *this* package of funds . . . failed to state a claim upon which relief can be granted") (emphases in original).  That determination must account for all the factors which informed the fiduciaries' decisionmaking,[5] not all of which are presently known to plaintiffs based, allegedly, on their wrongful failure to disclose such information.  (**See Compl.** ¶ 59 at 18-19.)  **See Braden v. Wal-Mart Stores, Inc.**, 588 F.3d 585, 598 (8th Cir. 2009) ("No matter how clever or diligent, ERISA plaintiffs generally lack the inside information necessary to make out their claims in detail unless and until discovery commences.").

Nor do I find the allegations comprising Count II of the complaint insufficient to state a plausible claim for breach of fiduciary duty in the selection of particular allegedly imprudent investments.  Although defendants insist this claim is based impermissibly on nothing more than hindsight, *see* **Pension Benefit Guaranty Corp. v. Morgan Stanley Investment Management, Inc.**, 712 F.3d 705, 718 (2nd Cir. 2013), plaintiffs allege two of the funds had inadequate performance histories to warrant investment in them at all

---

[5] Nor am I wholly convinced that an allegation of some additional nefarious motive on the part of the fiduciary is a necessary – as opposed to a merely sufficient – precondition to this claim.  **See Braden**, 588 F.3d at 596 (ERISA fiduciaries' decisionmaking process may be "tainted by *failure of effort, competence, or loyalty*") (emphasis added). To the extent plaintiffs are required to plead some "plus" factor in connection with their revenue sharing allegations, the allegations of the complaint permit a reasonable inference that this method of compensating the plan administrator drove up the costs in a way that was completely untethered from the value of the services provided.  (**See Compl.** ¶ 60 at 19-19 & n.2.)  **See Tibble**, 729 F.3d at 1136.

(**see Compl.** ¶ 65 at 21, ¶ 69 at 23; ¶ 71 at 25).[6]  **See Pension Benefit Guaranty Corp.**, 712 F.3d at 719.  The third is alleged to have greatly underperformed its benchmark in four out of five years before it was removed from the plan.  (**Compl.** ¶¶ 66-67 at 21-22.)  **See Lorenz**, 2017 WL 952883 at *9.  These allegations are sufficient to suggest a lack of prudence in the selection of the first two funds and in the retention of the third.  **See Allen v. GreatBanc Trust Co.**, 835 F.3d 670, 678 (7th Cir. 2016).  Moreover, and here again, plaintiffs allege they were not privy to the process by which defendants selected investment options, which both explains their inability to plead with more factual specificity and underscores the necessity for discovery.  (**Compl.** ¶ 75 at 26-27.)[7]  **See Braden**, 588 F.3d at 596.

Defendants' arguments for dismissal of Count IV are likewise untenable.  Their suggestion that this claim must fail because the complaint fails to show the compensation paid to Fidelity was unreasonable relies on an exemption under ERISA constituting an affirmative defense which plaintiffs have no burden to disprove.  **See Braden**, 588 F.3d at 601-03.  Defendants' further argument that revenue sharing payments are not plan "assets" ignores the plain language of the statute, which is not so limited.  **See** 29 U.S.C. § 1106(a)(1)(A) & (C)  (**See also supra**, n. 6.)  Nor is this claim plainly time-barred, as plaintiffs properly have alleged they did not have actual

---

[6] Defendants' brief and underdeveloped argument that plaintiffs lack standing to challenge the plan's investment in one of the funds because none of them were invested in that fund is premised on evidentiary material (**see Def. Motion App.**, Exh. I) which the magistrate judge properly refused to consider (**see Recommendation** at 8).

[7] For this same reason, defendants' argument that plaintiffs "do not allege any specific facts regarding Oracle's actual process for monitoring the Committee" (**Def. Motion** at 21) is not fatal at this juncture.  Otherwise, because (as defendants acknowledge) Count III is derivative of the breach of fiduciary duty claims pled in Counts I and II, it also survives dismissal for now.

knowledge of the allegedly prohibited transactions.[8]  (**See Compl.** ¶¶ 73-75 at 26-27.)  ***See International Union of Electronic, Electric, Salaried, Machine and Furniture Workers, AFL-CIO v. Murata Erie North America, Inc.***, 980 F.2d 889, 900 (3rd Cir. 1992).

      I therefore concur with the magistrate judge's conclusion that the allegations of the complaint are sufficient to state plausible claims which should not be dismissed at this early juncture.  Moreover, prudential considerations – which the magistrate judge presciently discussed at the hearing (**see Transcript** at 20 [#64], filed February 27, 2017) – further counsel against dismissal in a case as close as this one.  Specifically, this putative class action has now been pending more than a year.  No pretrial deadlines have been set, pending resolution of the instant motion.  (**See Scheduling Order** ¶ 9.a. at 15-16 [#40], filed April 6, 2016.)[9]  Because there thus is no deadline to amend the pleadings, I would be hard-pressed to deny any request to amend which plaintiffs might make were their present complaint dismissed.  **See FED. R. CIV. P.** 15(a)(2).  The only possible basis on which leave to amend might be denied would be futility,[10] **see Minter v. Prime Equipment Co.**, 451 F.3d 1196, 1229 (10th Cir. 2006), but that inquiry would simply return the court to the fact-intensive, context-specific analysis

---

[8]  Likewise, plaintiffs plainly have alleged facts sufficient to support a plausible inference that the statute of limitations should be tolled.  (**See Compl.** ¶¶ 73-75 at 26-27.)  **See** 29 U.S.C. § 1113; ***Fulghum v. Embarq Corp.***, 785 F.3d 395, 415 (10th Cir. 2015).

[9]  Perforce, no trial dates have been established either.

[10]  Plaintiffs plainly could not be accused of undue delay in seeking amendment, ***see Minter v. Prime Equipment Co.***, 451 F.3d 1196, 1207-08 (10th Cir. 2006), nor is there any apparent basis to conclude that defendants have been unduly prejudiced, since this case essentially has been stalled, **see Bylin v. Billings**, 568 F.3d 1224, 1230 (10th Cir. 2009), **cert. denied**, 130 S.Ct. 1506 (2010).

which makes dismissal of the instant complaint inappropriate.  Such a tautological exercise is inimical to the overarching purpose of the Federal Rules of Civil Procedure: the "just, speedy, and inexpensive determination of every action and proceeding."  **FED. R. CIV. P.** 1.

For these reasons, the court approves and adopts the magistrate judge's recommendation as an order of the court.  Defendants' motion to dismiss accordingly is denied.

**THEREFORE, IT IS ORDERED** as follows:

1.  That the objections stated in **Defendants' Objections to Report and Recommendation [#63]** [#65], filed March 2, 2017, are overruled;

2.  That the **Recommendation Regarding Defendants' Superseding Motion To Dismiss the Complaint** [#63], filed February 27, 2017, is approved and adopted as an order of this court; and

3.  That **Defendants' Superseding Motion To Dismiss the Complaint** [#36], filed March 29, 2016, is denied.

Dated March 22, 2017, at Denver, Colorado.

                                **BY THE COURT:**

*Bob Blackburn*
Robert E. Blackburn
United States District Judge