**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 16-cv-00175-REB-SKC

DEBORAH TROUDT, et al.,

     Plaintiffs,

v.

ORACLE CORPORATION, et al.,

     Defendants.

---

**ORDER GRANTING JOINT MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

---

**Blackburn, J.**

     The matter before me is the parties' **Joint Motion for Preliminary Approval of Class Action Settlement** [#217],[1] filed February 26, 2020.  I grant the motion.

     This litigation arises out of a class action alleging breaches of fiduciary duties and prohibited transactions against Defendants Oracle Corporation, Oracle Corporation 401(k) Committee, Gayle Fitzpatrick, John Gawkowski, Dan Sharpley, Peter Shott, Mark Sunday and Amit Zavery under the Employee Retirement Income Security Act of 1974 (ERISA), as amended, 29 U.S.C. § 1001, *et seq.*, with respect to their management, operation, and administration of the Oracle Corporation 401(k) Savings and Investment Plan (the "Plan"). Defendants deny and continue to deny the allegations, claims, and contentions of the Class Representatives, deny that they are liable at all to the

---

[1]  "[#217]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF).  I use this convention throughout this order.

Settlement Class, and deny that the Settlement Class or the Plan suffered any harm or damage for which they could be held responsible, as Defendants contend that they acted prudently and in keeping with their fiduciary responsibilities under ERISA by monitoring, reviewing, and evaluating the Plan's investment options, monitoring, reviewing, and evaluating the administrative fees paid by the Plan, by eliminating or adding investment options when appropriate, and by negotiating fees for administrative services for the Plan to ensure that the Plan participants paid reasonable fees for the services provided.

In their **Joint Motion for Preliminary Approval of Class Settlement**, the parties seek preliminary approval of a settlement of the claims asserted in *Troudt, et al. v. Oracle Corporation, et al.*, Case No. 16-cv-174-REB-SKC (D. Colo.) ("Class Action"). Defendants consented to this motion. The terms of the Settlement are set out in a Class Action Settlement Agreement dated February 26, 2020, executed by the parties and their counsel.

The court has considered the proposed Settlement. For purposes of this Order, if not defined herein, capitalized terms have the definitions in the Settlement Agreement, which is incorporated herein by reference.  Having reviewed the motion, the Settlement Agreement, and the parties' joint proposed forms of notice, attached as Exhibits 3 and 4, to the Settlement Agreement, I find and conclude that they comply with the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process.

**THEREFORE, IT IS ORDERED** as follows:

1. That the court finds preliminarily:

2

A. That the proposed Settlement resulted from extensive arm's-length negotiations;

B. That the Settlement Agreement was executed only after the parties engaged in extensive litigation for approximately four years and after settlement negotiations had continued within that period for months between highly experienced counsel;

C. That Class Counsel has concluded that the Settlement Agreement is fair, reasonable and adequate; and

D. That the Settlement is sufficiently fair, reasonable, and adequate to warrant sending notice of the Settlement to the Settlement Class;

2. That a hearing is scheduled at the United States District Court for the District of Colorado, at the Alfred A. Arraj Federal Courthouse Annex, 910 19th St., Room 1001-A, Denver, Colorado 80294, the Honorable District Court Judge Robert E. Blackburn presiding, at **10:00a.m**. on **Thursday, July 9, 2020** (the "Fairness Hearing"), to determine, among other issues:

A. Whether the Settlement Agreement should be approved as fair, reasonable, and adequate;

B. Whether the Settlement Notice and notice methodology were performed as directed by this court;

C. Whether the motion for attorneys' fees and costs to be filed by Class Counsel should be approved;

D. Whether an amount of compensation to Class Representatives should be approved; and

E. Whether the Administrative Expenses specified in the Settlement Agreement and requested by the Settling Parties should be approved for payment from the Gross Settlement Amount.

3. That a common fund is agreed to by the Settling Parties in the Settlement Agreement and is hereby established and shall be known as the ***Troudt v. Oracle Corporation*** Litigation Settlement Fund (the "Settlement Fund" or "Gross Settlement Amount"). The Settlement Fund shall be a "qualified settlement fund" within the meaning of Treasury Regulations § 1.468-1(a) promulgated under Section 468B of the Internal Revenue Code. The Settlement Fund shall consist of $12,000,000 and any interest earned thereon. The Settlement Fund shall be administered as follows:

A. The Settlement Fund is established exclusively for the purposes of (I) making distributions to Class Representatives and the Settlement Class specified in the Settlement Agreement; (ii) making payments for all settlement administration costs and costs of notice, including payments of all Administrative Expenses specified in the Settlement Agreement; (iii) making payments of all Attorneys' Fees and Costs to Class Counsel as awarded by the court; and (iv) paying employment, withholding, income, and other applicable taxes, all in accordance with the terms of the Settlement Agreement and this Order. Other than the payment of Administrative Expenses or as otherwise expressly provided in the Settlement Agreement, no distribution shall be made from the Settlement Fund until after

4

the Settlement Effective Date;

B. Within the time period set forth in the Settlement Agreement, Defendants or their insurer shall cause $12,000,000 to be deposited into the Settlement Fund;

C. The court appoints Analytics Consulting LLC as the Settlement Administrator for providing Settlement Notice, implementing the Plan of Allocation, and otherwise assisting in administration of the Settlement as et forth in the Settlement Agreement;

D. Defendants shall timely furnish a statement to the Settlement Administrator that complies with Treasury Regulation § 1.468B-3(e)(2), which may be a combined statement under Treasury Regulation § 1.468B- 3(e)(2)(ii), and shall attach a copy of the statement to their federal income tax returns filed for the taxable year in which Defendants make a transfer to the Settlement Fund;

E. Defendants shall have no withholding, reporting, or tax reporting responsibilities with regard to the Settlement Fund or its distribution, except as otherwise specifically identified herein. Moreover, Defendants shall have no liability, obligation, or responsibility for administration of the Settlement Fund or the disbursement of any monies from the Settlement Fund except for: (1) its obligation to cause the Gross Settlement Amount to be paid; and (2) its agreement to cooperate in providing information that is necessary for settlement administration set forth in the Settlement Agreement;

F. The oversight of the Settlement Fund is the responsibility of the Settlement Administrator. The status and powers of the Settlement Administrator are as defined by this Order and as approved in the Settlement Agreement,

G. The Gross Settlement Amount caused to be paid by Defendants and/or insurer into the Settlement Fund in accordance with the Settlement Agreement, and all income generated by that amount, shall be in *custodia legis* and immune from attachment, execution, assignment, hypothecation, transfer, or similar process by any person. Once the Settlement Fund vests, it is irrevocable during its term and Defendants have divested themselves of all right, title, or interest, whether legal or equitable, in the Settlement Fund, if any; provided, however, in the event the Settlement Agreement is not approved by the court or the Settlement set forth in the Settlement Agreement is terminated or fails to become effective in accordance with its terms (or, if following approval by this court, such approval is reversed or modified), the parties shall be restored to their respective positions in this case as of the day prior to the Settlement Agreement Execution Date; the terms and provisions of the Settlement Agreement and this Order shall be void and have no force and effect and shall not be used in this case or in any proceeding for any purpose; and the Settlement Fund and income earned thereon shall immediately be returned to the entity(ies) that funded the Settlement Fund,

H. The Settlement Administrator may make disbursements out of the

Settlement Fund only in accordance with this Order or any additional Orders issued by the court,

I. The Settlement Fund shall expire after the Settlement Administrator distributes all of the assets of the Settlement Fund in accordance with Article 6 of the Settlement Agreement, provided, however, that the Settlement Fund shall not terminate until its liability for any and all government fees, fines, taxes, charges and excises of any kind, including income taxes, and any interest, penalties, or additions to such amounts, are, in the Settlement Administrator's sole discretion, finally determined and all such amounts have been paid by the Settlement Fund,

J. The Settlement Fund shall be used to make payments to Class Members under the Plan of Allocation set forth in the Settlement Agreement. Individual payments to Class Members will be subject to tax withholding as required by law and as described in the Class Notice and its attachments. In addition, all Class Representatives' Compensation, Administrative Expenses and all Attorneys' Fees and Costs of Class Counsel shall be paid from the Settlement Fund;

K. The court and the Settlement Administrator recognize that there will be tax payments, withholding, and reporting requirements in connection with the administration of the Settlement Fund. The Settlement Administrator shall, in accordance with the Settlement Agreement, determine, withhold, and pay over to the appropriate taxing authorities any taxes due with respect to any distribution from the Settlement Fund and shall make and

7

file with the appropriate taxing authorities any reports or returns due with respect to any distributions from the Settlement Fund.  The Settlement Administrator also shall determine and pay any income taxes owing with respect to the income earned by the Settlement Fund.  Additionally, the Settlement Administrator shall file returns and reports with the appropriate taxing authorities with respect to the payment and withholding of taxes;

L. The Settlement Administrator, in its discretion, may request expedited review and decision by the IRS or the applicable state or local taxing authorities, with regard to the correctness of the returns filed for the Settlement Fund and shall establish reserves to assure the availability of sufficient funds to meet the obligations of the Settlement Fund itself and the Settlement Administrator as fiduciaries of the Settlement Fund. Reserves may be established for taxes on the Settlement Fund income or on distributions;

M. The Settlement Administrator shall have all the necessary powers, and take all necessary ministerial steps, to effectuate the terms of the Settlement Agreement, including the payment of all distributions. Such powers include receiving and processing information from Former Participants pertaining to their claims and investing, allocating, and distributing the Settlement Fund, and in general supervising the administration of the Settlement Agreement in accordance with its terms and this Order;

N. The Settlement Administrator shall keep detailed and accurate

accounts of all investments, receipts, disbursements, and other transactions of the Settlement Fund. All accounts, books, and records relating to the Settlement Fund shall be open for reasonable inspection by such persons or entities as the court orders. Included in the Settlement Administrator's records shall be complete information regarding actions taken with respect to the award of any payments to any person; the nature and status of any payment from the Settlement Fund; and other information which the Settlement Administrator considers relevant to showing that the Settlement Fund is being administered, and awards are being made, in accordance with the purposes of the Settlement Agreement, this Order, and any future orders that the court may find it necessary to issue;

O. The Settlement Administrator may establish protective conditions concerning the disclosure of information maintained by the Settlement Administrator if publication of such information would violate any law, including rights to privacy. Any person entitled to such information who is denied access to the Settlement Fund's records may submit a request to the court for such information. However, the Settlement Administrator shall supply such information to any claimant as may be reasonably necessary to allow him or her to accurately determine his or her federal, state, and local tax liabilities. Such information shall be supplied in the form and manner prescribed by relevant law;

P. This Order will bind any successor Settlement Administrator. The

9

successor Settlement Administrator(s) shall have, without further act on the part of anyone, all the duties, powers, functions, immunities, and discretion granted to the original Settlement Administrator. Any Settlement Administrator(s) who is replaced (by reason other than death) shall execute all instruments, and do all acts, that may be necessary or that may be ordered or requested in writing by the court or by any successor Settlement Administrator(s), to transfer administrative powers over the Settlement Fund to the successor Settlement Administrator(s). The appointment of a successor Settlement Administrator(s), if any, shall not under any circumstances require Defendants make any further payment of any nature into the Settlement Fund or otherwise;

4. That the Settling Parties' proposed forms of Settlement Notice, which are appended to the Class Action Settlement Agreement ([#219-1]) as Exhibits 3 and Exhibit 4, and their proposed website referenced in the Settlement Notice fairly and adequately:

A.  Describe the terms and effect of the Settlement Agreement and of the Settlement;

B. Notify the Settlement Class concerning the proposed Plan of Allocation;

C. Notify the Settlement Class that Class Counsel will seek compensation from the Settlement Fund for the Class Representatives, Attorneys' Fees, and Costs;

D. Notify the Settlement Class that Administrative Expenses related to the implementation of the Settlement will be paid from the Settlement Fund;

10

E. Give notice to the Settlement Class of the time and place of the Fairness Hearing; and

F. Describe how the recipients of the Class Notice may object to any of the relief requested and the rights of the Settling Parties to discovery concerning such objections.

5.  That the Settlement Administrator shall by no later than **sixty (60) days** before the Fairness Hearing, cause the Settlement Notice, with such non-substantive modifications thereto as may be agreed on by the Settling Parties, to be sent by electronic email to all Class Members for whom the Settlement Administrator is provided a current email address and mailed, by first class mail, postage prepaid, to the last known address of each member of the Settlement Class for whom there is no current email address that can be identified through commercially reasonable means. The court finds that such proposed manner is the best notice practicable under the circumstances, and directs the Settlement Administrator to provide notice to the Settlement Class in the manner described. Defendants shall cooperate with the Settlement Administrator by providing or facilitating the provision of, in electronic format, the names, addresses, email addresses (to the extent available), and social security numbers or other unique identifiers of members of the Settlement Class. The names, addresses, email addresses (to the extent available), and Social Security numbers or other unique identifiers obtained pursuant to this Order shall be used solely for the purpose of providing notice of this settlement and as required for purposes of tax withholding and reporting, and for no other purpose;

6.  That for any Settlement Notice returned as undeliverable, the Settlement

11

Administrator shall utilize the provided Social Security number or other unique identifier to attempt to determine the current address of the person and shall mail notice to that address;

7.  That at or before the Fairness Hearing, Class Counsel or the Settlement Administrator shall file with the court a proof of timely compliance with the foregoing notice requirements;

8. That the court directs Class Counsel, no later than **sixty (60) days** before the Fairness Hearing, to cause the Settlement Notice to be published on the Settlement Website;

9. That any Class Member who wishes to object to the fairness, reasonableness, or adequacy of the Settlement, to the Plan of Allocation, to any term of the Settlement Agreement, to the proposed award of attorneys' fees and costs, or to any request for Class Representatives' Compensation, must file an objection in the manner set out in this Order:

A. A Class Member wishing to raise an objection to the Plan of Allocation, to any term of the Settlement Agreement, to the proposed award of attorneys' fees and costs, or to any request for Class Representatives' Compensation must do the following: (I) file with the court a statement of his, her, or its objection(s), specifying the reason(s), if any, for each such objection made, including any legal support or evidence that such objector wishes to bring to the court's attention or introduce in support of such objection; and (ii) serve copies of the objection and all supporting authorities or evidence to Class Counsel and Defense Counsel. The

12

addresses for filing objections with the court and for service of such

objections on counsel for the parties to this matter are as follows:

> Clerk of the Court
> United States District Courthouse
> 901 19th Street
> Denver, CO 80294
>
> SCHLICHTER, BOGARD & DENTON, LLP
> Attn: Oracle Corporation 401(k) Settlement
> 100 S. 4th Street, Ste. 1200
> St. Louis, MO 63102
> *Attorneys for Plaintiffs*
>
> MORGAN, LEWIS & BOCKIUS LLP
> Attn: Brian T. Ortelere
> 1701 Market Street
> Philadelphia, PA 19103-2921;

B. The objector or his, her, or its counsel (if any) must serve copies of the

objection(s) on the attorneys listed above and file it with the court by no

later than **thirty (30) calendar days** before the date of the Fairness

Hearing;

C. If an objector hires an attorney to represent him, her, or it for the

purposes of making such objection pursuant to this paragraph, the

attorney must serve a notice of appearance on the attorneys listed above

and file it with the court by no later than **thirty (30) calendar days** before

the date of the Fairness Hearing;

D. Failure to serve objections(s) on either the court or counsel for the

parties shall constitute a waiver of the objection(s). Any Class Member or

other person who does not timely file and serve a written objection

complying with the terms of this Order shall be deemed to have waived, and shall be foreclosed from raising, any objection to the Settlement, and any untimely objection shall be barred;

E. Any party wishing to obtain discovery from any objector may, but is not required to, serve discovery requests, including requests for documents and notice of deposition not to exceed two (2) hours in length, on any objector within **ten (10) calendar days** of receipt of the objection and that any responses to discovery or depositions must be completed within **ten (10)** calendar days of the request being served on the objector;

F. Any party wishing to file a response to an objection must do so, and serve the response on all parties, no later than **ten (10) calendar days** before the Fairness Hearing;

10. That any objector who files and serves a timely, written objection in accordance with the terms of this Order as set out above may also appear at the Fairness Hearing either in person or through counsel retained at the objector's expense. Objectors or their attorneys intending to speak at the Fairness Hearing must serve a notice of intention to speak setting forth, among other things, the name, address, and telephone number of the objector (and, if applicable, the name, address, and telephone number of the objector's attorney) on Class Counsel and Defense Counsel (at the addresses set out above) and file it with the court by no later than **ten (10) calendar days** before the date of the Fairness Hearing. Any objector (or objector's attorney) who does not timely file and serve a notice of intention to appear in accordance with this

14

paragraph shall not be permitted to speak at the Fairness Hearing.

11. That all valid Former Participant Claim Forms must be received by the Settlement Administrator with a postmark date no later than June 25, 2020, or electronically submitted online at www.OracleCorporation401kSettlement.com no later than July 1, 2020;

12. That Defense Counsel and Class Counsel shall promptly furnish each other with copies of all objections that come into their possession;

13. That if the Settlement is terminated in accordance with the Settlement Agreement, this Order shall become null and void, and shall be without prejudice to the rights of the Settling Parties, all of whom shall be restored to their respective positions existing the day before the Settlement Agreement Execution Date;

14. That this Order shall not be construed or used as an admission, concession, or declaration by or against Defendants of any fault, wrongdoing, breach, or liability, or a waiver of any claims or defenses, including, but not limited to, those as to the propriety of any amended pleadings or the propriety and scope of class certification. This Order shall not be construed or used as an admission, concession, or declaration by or against any named plaintiff, Class Representatives, or the Settlement Class that their claims lack merit, or that the relief requested in the Class Action is inappropriate, improper, or unavailable. This Order shall not be construed or used as a waiver by any party of any arguments, defenses, or claims he, she, or it may have, including, but not limited to, any objections by Defendants to class certification in the event that the Settlement Agreement is terminated;

15. That pending final determination of whether the Settlement Agreement

should be approved, the Class Representatives and every Class Member are prohibited and enjoined from directly, through representatives, or in any other capacity, from commencing any action or proceeding in any court or tribunal asserting any of the Released Claims against the Released Parties (including Defendants);

16. That the form of notice under the Class Action Fairness Act of 2005 ("CAFA") submitted as Exhibit 6 to the Settlement Agreement complies with the requirements of CAFA and will, on mailing, discharge Defendants' obligations pursuant to CAFA; and

17. That the court may continue the Fairness Hearing in its discretion without direct notice to the Settlement Class, other than by notice to Class Counsel and Defense Counsel, and any Class Member wishing to appear should check the court's docket or call the clerk's office **three (3) calendar days** before the scheduled date of the Fairness Hearing.

Dated March 13, 2020, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge